IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHASE A. CARLENTINE,<br><br>            Plaintiff,<br><br>   vs.<br><br>COLIN DUGGAN and<br>JESSICA DUGGAN,<br><br>            Defendants. | **8:19CV251**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the owners of the Kitchen Table restaurant in Omaha, Nebraska, under the Americans with Disabilities Act, 42 U.S.C. §§ 12112 to 12117 (Westlaw 2020) ("ADA"), for terminating his employment, failing to promote him, failing to accommodate his disability, and harassing him due to his disability. (Filing 1 at CM/ECF p. 4.) Plaintiff identifies his disability as "spinal fusion, hardware" and claims that "(1) Manager Eliza denied me hours to my face (2) owner Jessica denied me hours and accom[m]odations (3) Jessica fired me cause of my back." (*Id*. at pp. 4-5.) He requests $45,000 for "disability discrimination and emotional damages." (*Id*. at p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

In discrimination cases, "[t]he complaint is not required to fit any specific model since there is no 'rigid pleading standard for discrimination cases.'" *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "Instead, the 'simplified notice pleading standard,' merely requires that a complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Cook*, 952 F.3d at 938-39 (quoting *Swierkiewicz*, 534 U.S. at 512).

## III. DISCUSSION

Plaintiff's limited factual allegations suggest claims for disability discrimination, failure to accommodate, and a hostile work environment based on his disability under the ADA and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 *et seq*.[1]

### A. Discrimination Under ADA

The Americans with Disabilities Act prohibits covered employers from discriminating against "a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual" is a person "who, with or without reasonable accommodation, can perform the essential functions" of a job. *Id*. § 12111(8).

To establish disability discrimination under the ADA, an aggrieved employee must show (1) that he or she has a disability as defined in 42 U.S.C. § 12102(2); (2) that he or she is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that he or she has suffered an adverse employment action on the basis of disability. 42 U.S.C. § 12112(a); Eighth Circuit Civil Jury Instructions at p. 9-1 (2019); *Moses v. Dassault Falcon Jet-Wilmington Corp*., 894 F.3d 911, 923 (8th Cir. 2018).[2]

---

[1] "The disability discrimination provisions in the NFEPA are patterned after the ADA, and the statutory definitions of 'disability' and 'qualified individual with a disability' contained in the NFEPA are virtually identical to the definitions of the ADA." *Orr v. Wal-Mart Stores, Inc*., 297 F.3d 720, 723 (8th Cir. 2002) (citing Neb. Rev. Stat. § 48-1102(9) & (10); 42 U.S.C. §§ 12102(2), 12111(8)). "In construing the NFEPA, Nebraska courts have looked to federal decisions, because the NFEPA is patterned after Title VII and the ADA." *Id*. Thus, the court's discussion of Plaintiff's ADA claims also encompasses claims under the NFEPA.

[2] While the Plaintiff need not plead facts establishing a prima facie case of discrimination in order to state a claim upon which relief can be granted, "[t]he elements of a successful ADA claim are, however, still part of the background against which a

3

Here, Plaintiff lists his disability as "spinal fusion, hardware." The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

### B. Failure to Accommodate

> To prevail on a failure-to-accommodate claim, a plaintiff must first make a facial showing that he has an ADA disability and that he has suffered [an] adverse employment action. Then he must make a facial showing that he is a qualified individual. When the employee has made his facial showing, [t]he burden then shifts to the employer to show that it is unable to accommodate the employee.

*Gardea v. JBS USA, LLC*, 915 F.3d 537, 541 (8th Cir. 2019) (internal quotation marks and citations omitted). "An employee must show that an accommodation is 'reasonable on its face.'" *Id.* (quoting *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002)).

### C. Hostile Work Environment

> To prevail on a hostile work environment claim under the ADA, [a plaintiff] must show that he is a member of the class of people protected by the statute, that he was subject to unwelcome harassment, that the harassment resulted from his membership in the protected class, and that the harassment was severe enough to affect the terms, conditions, or privileges of his employment.

plausibility determination should be made." *Cook*, 952 F.3d at 939 (internal quotation marks and citation omitted).

*Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012) (internal quotation marks and citations omitted). "A hostile work environment must be both subjectively and objectively offensive, as well as extreme in nature and not merely rude or unpleasant." *Id*. at 779 (internal quotation marks and citation omitted).

### D. Plaintiff's Allegations

In order to state a claim upon which relief may be granted, Plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Here, Plaintiff's Complaint alleges no facts describing the nature of his job while employed by Defendants; whether he was qualified to perform the essential functions of his job with or without reasonable accommodation; the nature of his disability; whether his disability limited his major life activities and, if so, how; whether the Defendants regarded him as having a disability and, if so, how; whether Plaintiff was harassed based on his disability; the nature and severity of any such harassment and whether such harassment was unwelcome; the circumstances surrounding the Defendants' alleged failure to promote Plaintiff; whether the Defendants knew of Plaintiff's alleged disability; whether Plaintiff was qualified to perform the essential functions of his job if he had been provided with reasonable accommodations; and how the Defendants failed to provide reasonable accommodations. To allow Plaintiff to allege such facts, Plaintiff will be granted leave to file an amended complaint.

## IV. CONCLUSION

Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes facts that support his claims, as detailed above. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until **May 11, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against all of the defendants he wishes to proceed against in the amended complaint.

2.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

3.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 11, 2020**: amended complaint due.

DATED this 10th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge